

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-22-2005

# Verteniku v. BICE

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3632

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Verteniku v. BICE" (2005). *2005 Decisions*. Paper 60.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/60

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No:04-3632

———————

ZENEPE VERTENIKU,

Petitioner

v.

BUREAU OF IMMIGRATION & CUSTOMS ENFORCEMENT;
JOHN CARBONE, Field Office Director; MICHAEL CHERTOFF;
SECRETARY OF DEPARTMENT OF HOMELAND SECURITY
ALBERTO GONZALES, Attorney General of the United States,

Respondents

———————

On Petition for Review of an Order of the
Board of Immigration Appeals
(Board No. A77-565-733)

———————

Submitted Under Third Circuit LAR 34.1(a)
on June 28, 2005

BEFORE:  ROTH, RENDELL and BARRY, <u>Circuit Judges</u>

(Filed: December 22, 2005)

———————

OPINION

———————

ROTH, Circuit Judge:

Petitioner, Dr. Zenepe Verteniku, is a native and citizen of Albania. She entered the United States on November 29, 1997. She filed for asylum, withholding of removal, and relief under the Convention Against Torture on November 25, 1999. After hearings before multiple immigration judges, she was denied all relief. Dr. Verteniku appealed to the Board of Immigration Appeals (BIA). On August 20, 2004, the BIA dismissed the appeal on the basis of a "fundamental change in circumstances in Albania" since Verteniku left in 1997 such that she no longer had a well-founded fear of persecution. Dr. Verteniku petitioned for review.

For the reasons explained below, we will deny the petition.

## I. Factual Background and Procedural History

As the facts are well known to the parties, we will give only a brief description of the facts and the procedural posture of the case.

Dr. Verteniku holds a PhD in the field of food-stuffs technology. In 1991, she joined the Ulqini, a non-governmental organization consisting of Albanians of ethnic Montenegrin descent, interested in promoting democracy and opposing the Communist regime. In 1995, she became President of the Ulqini. In 1995, while participating in an international conference in Austria, she spoke out against Enver Hoxha's dictatorship in Albania and against the Communist regime. She also took public positions against the regime while in Albania. She has described attacks and/or threats against her which she

2

attributes to members of the Communist regime and to her public opposition to that regime.  These incidents occurred in January, May, June, July and September 1997.  Some of her attackers were armed.  In addition, she received multiple threatening telephone calls.  She reported some of these incidents to the police, who allegedly said that they could not protect her.  Dr. Verteniku entered the United States on November 29, 1997.  Subsequently, she filed for asylum, withholding of removal, and relief under the Convention Against Torture.

In her written opinion, the Immigration Judge (IJ) suggested that the asylum application was not timely although this does not appear to be the basis of her ruling.  Additionally, the IJ pointed to an inconsistency with regard to Dr. Verteniku and her husband's whereabouts on July 17, 1997.  Again, this does not appear to be the basis of the IJ's ruling.  The IJ denied Dr. Verteniku relief because the IJ found that Dr. Verteniku's testimony lacked credibility, was "consistently evasive," avoided specificity and sufficient detail with regard to the complained of 1997 incidents, and failed to provide a plausible and coherent account of the basis of her fear of persecution.  The core of the IJ's position was that although Dr. Verteniku ascribed these alleged incidents of violence and threatened violence to communists serving the regime, she never testified with regard to any specific incident that her alleged attackers identified themselves as communists or otherwise identified themselves at all.  Thus, the IJ doubted that these incidents had anything to do with Dr. Verteniku's role in the Ulqini.  The IJ concluded

3

that past persecution was not established. Similarly, the IJ held that future persecution was not established, noting that Dr. Verteniku traveled to and from Albania several times in 1997.

Dr. Verteniku appealed to the BIA. The BIA dismissed the appeal. The BIA held, without regard to the identity of the perpetrators of the 1997 incidents described by Dr. Verteniku and without regard to whether or not those incidents rise to the level of persecution required by statute, that there had been a fundamental change in circumstances in Albania since 1997 and that the current Albanian government, although it evolved out of former communists, had not sought retribution against the opponents of the prior Communist regime. The BIA's August 20, 2004, decision was based upon a 2004 Department of State country profile of which the BIA took administrative notice.

## II. Jurisdiction and Standards of Review

We have jurisdiction under Immigration and Nationality Act, 8 U.S.C. § 1252(b)(1) (2005), to review final orders of the BIA.

With regard to denial of applications for asylum, withholding of removal, and protection under Convention Against Torture our standard of review is highly deferential: "the BIA's finding must be upheld unless the evidence not only supports a contrary conclusion, but compels it." *Abdille v. Ashcroft*, 242 F.3d 477, 483-84 (3d Cir. 2001).[1]

---

[1] Dr. Verteniku contests the standard of review. We discuss this argument in Section III.

4

### III. Discussion

Dr. Verteniku contends (1) that the immigration judge incorrectly applied the one-year bar for filing asylum claims, (2) that she should have been found credible, (3) that she has produced sufficient corroborative documentary evidence and has carried her burden of proof, and (4) that her right to an unbiased and impartial adjudicator was violated by the IJ.

Our review, however, is of the BIA's findings and its final order. *See Dia v. Ashcroft*, 353 F.3d 228, 241 (3d Cir. 2003) (en banc). Only when the BIA has affirmed on the basis of the IJ's findings or when it has not made an independent review, do we examine the decision of the IJ. *See Abdulai v. Ashcroft*, 235 F.3d 542, 549, n.2 (3d Cir. 2001). Here, the BIA did not affirm on the basis of the decision of the IJ. It based its decision on the State Department's country profile, without regard to the one-year bar, Dr. Verteniku's credibility or documentation in support of her claim, or the substance of the record created before the IJ.

Dr. Verteniku argues, however, that she has established past persecution and a well-founded fear of future persecution, qualifying for asylum and withholding of removal, notwithstanding the State Department's profile indicating changed country conditions. That report states: "[t]he rejection of the former Communist regime appears to be almost total. In contrast to some other former Communist countries, there is no indication that the former Communists -- whether in the Government, opposition, or

5

enforcement organizations -- have sought retribution against opponents of the Communist regime or the many individuals who have returned to Albania after having fled abroad." A.R. 3 (Op. of the BIA (August 20, 2004) quoting Department of State Profile of Asylum Claims and Country Conditions for Albania (March 2004)). This report, then, is not merely a pro forma record of generalized improvements in Albania. Rather it specifically rejects Dr. Verteniku's claim and it concomitantly meets the government's burden of proof. *Cf. Berishaj v. Ashcroft*, 378 F.3d 314, 328 (3d Cir. 2004) ("burden of proof in a changed-country-conditions rebuttal is squarely on the government"). Dr. Verteniku puts forward no on-point countervailing evidence. Indeed, the BIA's reliance on the country profile is substantial evidence in the record supporting its decision and is, thus, sufficient to uphold it.

Dr. Verteniku next argues that the BIA took administrative notice of the country profile but conclusions reached there were not briefed by the parties. Because Dr. Verteniku has had no opportunity to contest those findings, she asks for remand for that purpose. The government has responded that the procedurally correct route to test the BIA's taking of administrative notice is to move to reopen proceedings before the BIA.[2]

---

[2] We note that Dr. Verteniku puts forward no testimony, certification or affidavit or even a proffer or promise of one, and puts forward no treatise or report, public or private, contesting the *specific* findings of the State Department's recent country profile, on which the BIA relies.

We also note that Dr. Verteniku argues in her brief that her membership in a minority religion strengthens her asylum claim. We see no indication that this argument was asserted in her application, in her testimony or even before the BIA. We do not

6

Dr. Verteniku has not done so.

Finally, Dr. Verteniku asks us, on the basis of several policy arguments, to re-examine the substantial evidence test – our standard of review for agency, including BIA, action. We do not need to discuss the details of this argument. We need only point out that our standard of review is set by statute, 8 U.S.C. § 1252(b)(4)(B), and that we have, sitting en banc, mandated the substantial evidence test. *See Dia v. Ashcroft*, 353 F.3d at 247. We will not depart from that standard.

## IV. Conclusion

For the reasons set out above, we will deny the petition for review of the decision of the BIA.

---

address it on appeal.